UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

AUGUSTINA BALU,

                                      Plaintiff,

                  -against-

THE CITY OF NEW YORK and DENIS McAULIFFE,
individually and in his official capacity as an employee of
the New York City Department of Police,

                                Defendants.

------------------------------------------------------------------------- X

**DEFENDANTS'
PROPOSED JURY
INSTRUCTIONS**

12 Civ. 1071(KPF)(GWG)

         Defendants, the City of New York and Denis McAuliffe, by their attorney,

Zachary W. Carter, Corporation Counsel of the City of New York, pursuant to Rule 51 of the

Federal Rules of Civil Procedure, respectfully request that the Court give the following

instructions to the jury.

**1.**      **Introductory Remarks:**

         Members of the jury, you have now heard all of the evidence in this case as well

as the final arguments of the parties. We have reached the point where you will undertake your

final function as jurors. You have paid careful attention to the evidence, and I am confident that

you will approach your deliberations in the same fine spirit you have displayed thus far and that

you will act with fairness and impartiality to reach a just verdict.

**2.**      **Role of the Court:**

         My duty at this point is to instruct you as to the law. On these matters of law, you

must take the law as I give it to you. If anyone has stated a legal principle different from any that

I state to you in these instructions, it is my instructions that you must follow. Similarly, you

must not substitute your own notions or opinions of what the law is or should be. It is your duty to accept these instructions of law and apply them to the facts as you determine them to be.

You should not single out any one instruction, word or phrase as alone stating the law. Rather, you must consider all of my instructions taken as a whole. You will then apply your common sense, and after listening to what I tell you about the law, determine from what you think this evidence shows how this case should be decided.

[Source: Modern Federal Jury Instructions (1988) ("MFJI"), Instruction 71-2.]

**3. <u>Conduct of Jurors:</u>**

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy for or against the plaintiff or defendants. You are to evaluate the evidence calmly and objectively. Your verdict must be based solely upon the evidence, or lack of evidence, developed at this trial.

[Source: MFJI, Instructions 71-4 and 71-10.]

**4. <u>Role of the Jury:</u>**

As members of the jury, your role is to decide and pass upon the fact issues in the case. You are the sole judges of the facts. Because that is so important, you may hear me repeat it more than once. You must determine the facts from what you consider to be the believable or credible evidence. You must determine the weight and significance of the evidence, both the testimony and the exhibits. You must decide the credibility and truthfulness of the witnesses. You must draw whatever reasonable inferences may be drawn from the facts as you find them. And you have the job of resolving whatever conflicts may exist in the evidence.

With respect to any factual matters, you must rely upon your own recollection of the evidence. What the parties or attorneys may have said with respect to matters in evidence,

whether in questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence. Similarly, anything that I may have said during the trial or during these instructions as to any factual matter is not to be substituted for your own recollection or judgment.

During the trial, I have been called upon to make rulings on various questions. There may have been objections or motions may have been made to strike answers. These are matters of law and you should not consider them. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that the attorneys objected to specific testimony or evidence. Nor should you draw any inference from the fact that I may have sustained or overruled an objection.

If at any time I instructed you to disregard anything that was said, you must follow that instruction. If at any time I instructed you that the parties stipulated that a fact was true, you must accept that fact as true. You should not draw any inference from the fact that upon occasion I asked questions of certain witnesses. Those questions were intended only to clarify or speed up matters and were not intended to suggest any opinions on my part as to the verdict that you should render or as to the credibility of any witness.

From time to time, the attorneys and I may have had side bar conferences and other conferences out of your hearing. None of these conferences should enter into your deliberations at all.

[Source: MFJI, Instruction 71-3.]

**5.** <u>**Evidence:**</u>

What, then, does the evidence that you are about to consider consist of?  The evidence in this case consists of the sworn testimony of all the witnesses, no matter which side called them, together with the exhibits which I have admitted into evidence.

Now, questions are not evidence.  The evidence is the answers.  The questions are useful only to the extent that they permit you to understand the meaning and significance of the answers.  The exhibits received in evidence are also evidence.  Any evidence as to which an objection was sustained by me and any answer or argument that I ordered to be stricken out and disregarded by you must be disregarded by you in its entirety because I have ruled that as a matter of law it is not evidence in this case.

Now, in assessing whether any party proved something, you are instructed that you need not rely totally on direct evidence, or statements by a witness that he knows something by virtue of his own senses -- because he saw, felt or heard something.  The law also permits inferences to be drawn by you from all the surrounding facts of a given situation.  This is referred to as circumstantial evidence, as distinguished from direct evidence.

In the case of circumstantial evidence, proof is given of facts and circumstances, from which one may infer other connected facts that reasonably follow in our common experience as inhabitants of this earth.  It is applying reason and common sense based upon facts established to your satisfaction.  In simple terms, you reason from an established fact to another fact as a logical consequence.

I will give you an example of circumstantial evidence.  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  Assume that the courtroom blinds are drawn and you cannot look outside.  As you are sitting here, someone

walks in with an umbrella which is dripping wet. Somebody else then walks in with a raincoat which is dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. All evidence is important, and you should, of course, consider all evidence, whether direct or circumstantial, in making your decision.

[Source: MFJI, Instructions 74-1 and 74-2; *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711 (1983).]

## 6. <u>Credibility of Witnesses:</u>

You, the jurors, are the sole judges of the credibility and truthfulness of any witness and the weight the testimony of that witness deserves. You should scrutinize the testimony that a witness gives and every matter in evidence in the case that tends to indicate whether the testimony is worthy of belief. Here again you are expected to use your common sense. Did the witness impress you as honest, open and candid? Or did the witness appear evasive or as though they were trying to hide something? How responsive was the witness to questions posed on direct examination and cross examination?

You may consider the motive of the witness, and the demeanor of the witness, that is to say, the manner in which he or she gives testimony on the stand. You should consider the opportunity that the witness had to observe the facts concerning which the witness testifies, the plausibility, probability or improbability of the testimony in the light of all the facts in the

case, and you should also consider any relationship that the witness may have to either side of the case or the manner in which any witness may be affected by, or interested, in the verdict.

There is no magic formula to evaluate the truthfulness of witnesses. In your everyday affairs, each of you determines for yourself the reliability of statements made to you by other people and those same tests that you use in your everyday dealings should be applied in your jury deliberations. You use common sense, you rely on your human experience.

If you find that a particular witness has testified falsely in any one material part of his or her testimony, you may look with distrust upon the other evidence given by that witness. And if you find any witness testified in a manner that is willfully and intentionally false, you may disregard all evidence given by that witness or you may accept that part you do believe and disregard that part you believe is false.

[Source: MFJI Instruction 76-1.]

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

**7.      Prior Inconsistent Statements:**

A witness may be discredited or "impeached" by contradictory evidence, that is, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

It is for you to determine whether a prior statement was inconsistent and whether any such inconsistency is significant or inconsequential. Furthermore, if you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

[Source: MFJI, Instruction 76-5.]

## 8. Interested Witnesses:

The plaintiff, Augustina Balu, as well as defendant Denis McAuliffe each testified before you at trial. As a party to this lawsuit, each of these people is an interested witness. Other witnesses may also have a lesser degree of interest in the outcome of the case.

You may consider a witness' degree of interest or lack of interest in the outcome of the case in evaluating his or her testimony. Now, a witness who is interested is not necessarily unworthy of belief. The interest of a witness, however, is a factor or possible motive you may consider in determining the weight and credibility to be given to his or her testimony. In short, it is for you to determine from your observations, and using your common sense and experience and all the other factors previously mentioned in these instructions about determining the truthfulness of witnesses, whether or not the possible interest of any witness is such that he or she is likely, intentionally or unintentionally, to distort his or her testimony.

[Source: MFJI, Instruction 76-3.]

## 9. Inferences:

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proven by the evidence. Not all logically possible conclusions are legitimate or fair inferences. An inference is not a suspicion or a guess. It is a reasoned logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case. Whether or not to draw a particular inference is of course a matter exclusively for you, as are all determinations of fact.

[Source: MFJI, Instruction 75-1 (2002).]

**10.** **Deposition Testimony:**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

[Source: MFJI, Instruction 74-14.]

**11.** **Burden of Proof:**

Bear in mind that the mere fact that the plaintiff has filed a lawsuit and proceeded to trial does not necessarily mean that her allegations have merit. In a civil case, such as this one, a plaintiff has the burden of establishing all the elements of her case by a preponderance of the credible evidence. Now, I know some of you may have served in criminal cases as jurors or you may have watched movies, stage plays and television shows dealing with such cases. You

have heard the expression "proof beyond a reasonable doubt." Members of the jury, that standard does not apply in a civil case. That is the standard that is required before anyone can be found guilty of a crime and deprived of her liberty. That is a different standard from what is employed in a civil case. Put out of your mind any discussion you have heard about proof beyond a reasonable doubt. A party's proof on each issue of its case must appear to your satisfaction to be by a preponderance of the credible evidence.

The credible evidence means the testimony or exhibits that you find worthy to be believed. A preponderance means a greater part of it. That doesn't mean the greater number of witnesses or how much time either side employs in the trial. Rather, the phrase refers to the quality of the evidence, its weight or significance, and the effect it has on your minds.

The law requires that in order for a party to prevail on an issue as to which the party has the burden of proof, the evidence that supports the party's claim on that issue must appeal to you as more nearly representing what took place than the evidence opposed to that contention. If it does not, or if the evidence weighs so evenly that you are unable to say, you must resolve the question against the party that has the burden of proof, in this case, against the plaintiff and in favor of the defendants.

We often say that evidence is to be weighted on scales, and if you find that the evidence on any issue is balanced evenly, equally in favor of the plaintiff and the defendants, that is to say, if the scales are evenly balanced, then the plaintiff, who has the burden of proof in this case, would not have sustained her burden and the case must be decided in favor of the defendants. However, if the scales tilt in favor of the plaintiff, that would constitute a preponderance of the credible evidence and the legal burden of proof would be satisfied. In that

instance, the case must be decided in favor of the plaintiff.  Similarly, if the scales tilt in favor of the defendants, then the case must be decided in favor of the defendants.

The plaintiff in this lawsuit bears the burden of proving every essential element of their claims as to the defendants by a preponderance of the evidence.  If you find that any one of the required elements of the plaintiff's claims has not been proven by a preponderance of the evidence as to the defendants, you must return a verdict for the defendants and against the plaintiff.

[Source: MFJI, Instruction 73-2; Adapted from Jury Charge in *Hayes v. McGhee*, No. 94 Civ. 6766 (HB) (S.D.N.Y. Apr. 30, 1997).]

**12.     The Nature of Plaintiff's Claims:**

I am now going to instruct you on the substantive law to be applied to the plaintiff's claims in this lawsuit.  Plaintiff Augustina ("Tina") Balu claims that she has been subjected to unlawful discrimination in the form of a hostile work environment based on sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, a federal law, the New York State Human Rights Law, a state law, and the New York City Human Rights Law, a New York City law.

I will now explain several general principals regarding your analysis of plaintiff's claims and the elements that she must prove to establish her claims.

Let me remind you that to find for the plaintiff on her claim, you must find that she has met her burden to prove every element of that claim by a preponderance of the credible evidence.

## 13.    Sexual Harassment-Based Hostile Work Environment (all statutes): Conduct Must Occur *Because* of Plaintiff's Gender:

During the course of the trial, you have heard the plaintiff testify that she felt "sexually harassed" by the conduct of an individual in the workplace.   In this lawsuit, "harassment" has a specific legal meaning, which may be different from the way that the average person uses the word.   In order for you to find that plaintiff has established her claim of sexual harassment, you must find that the conduct complained of occurred because of her gender. Rude, boorish, gruff, or unprofessional behavior that is directed to the plaintiff for a reason other than her gender does not establish the plaintiff's claim of a hostile work environment based on sexual harassment.

[Source: *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-105 (2d Cir. 2010); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001); *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 79-80 (1st Dep't 2009); *Ellis v. City of New York*, No. 08 cv 7605, 2011 U.S. Dist. LEXIS 84104 at *20-24, 2011 WL 3279057, at *8 (S.D.N.Y. July 28, 2011); *Wilson v. N.Y.P. Holdings, Inc.*, No. 05 civ. 10355, 2009 U.S. Dist. LEXIS 28876 at *80-82, 2009 WL 873206, at *29 (S.D.N.Y. Mar. 31, 2009); *Trinidad v. N.Y. City Dep't of Corr., 423 F. Supp. 2d 151, 166-67 (S.D.N.Y. 2006); Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-11 (N.Y. 2004).[1]]

---

[1]    As reflected below, *infra* Instruction No. 18, under the CHRL, questions of "severity" and "pervasiveness" are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability.  *See Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 76 (1st Dep't), *appeal denied*, 13 N.Y.3d 702 (2009); *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 108-109 (2d Cir. 2013) (CHRL claims require independent and broader analysis).  Nevertheless, while CHRL claims "must be given an independent liberal construction," *Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 278 (2d Cir. 2009), plaintiff must "plead facts tending to show that actions that created the hostile work environment were taken against him because of a prohibited factor."  *Williams v. Metro-North Commuter R.R. Co.*, No. 11 Civ. 7835 (CM), 2012 U.S. Dist. LEXIS 86631, at *35-36  (S.D.N.Y. June 20, 2012) ("[t]he broader remediation available under the City law does not allow the Plaintiff to dispense with linking his claim of hostility to some attitude that the law forbids.").

**14.**   **Mere Incivility Is Not Actionable Harassment:**

Please bear in mind that the law governing unlawful harassment does not create a claim for all unpleasant or abusive behavior in the workplace; it is not a general civility code and does not protect against the normal tribulations of the workplace, petty slights and trivial inconveniences.  Additionally, when you consider whether the plaintiff's work environment constituted a hostile work environment on the basis of plaintiff's gender, you must also consider the social context of the environment.  In some work places, employees use more curse words, vulgar or offensive language than others.  In these social settings, curse words, vulgar or crude language may not be in itself discriminatory harassment even if it occurs more frequently than you are used to in your workplace or other social settings. You must also consider the conduct from the perspective of a reasonable person, and not from the perspective of an overly sensitive person.

[Source: *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-05 (2d Cir. 2010); *Marshall v. N.Y. City Bd. of Elections*, 322 Fed. Appx. 17, 18-19 (2d Cir. 2009); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001).]

**15.**   **Standard: Plaintiff's Hostile Work Environment Claim Under Title VII and the New York State Human Rights Law:**

Plaintiff claims that she was subjected to a hostile work environment based on her gender.  I will now explain to you what plaintiff must prove, by a preponderance of the credible evidence, in order to prove her claim of a hostile work environment based on sexual harassment.

To establish a hostile work environment based on sexual harassment under Title VII and the New York State Human Rights Law, plaintiff must prove, by a preponderance of the credible evidence each of the following elements:

(1) that she was intentionally subjected to unwelcome sexual harassment; and

(2) that the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and plaintiff in fact did perceive it to be so; and

(3) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive working environment (I will provide you with more information regarding this severe and pervasive standard shortly); and

(4) she suffered damages as a result of the harassing conduct; and

(5) there is a basis for imputing the conduct to the employer.

If you find that plaintiff has failed to prove any of these elements by a preponderance of the credible evidence, you must find in favor of the defendants regarding her harassment claim under Title VII and the New York State Human Rights Law.

[Source: American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, *Model Jury Instructions, Employment Litigation*, (2d Ed. 2005), §1.04[4] (modified); *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-105 (2d Cir. 2010); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-311 (2004). *Richardson v. New York State*, 180 F.3d 426 (1999); *Duch v. Jakubek*, 588 F.3d 762 (2d Cir. 2000); *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1992).]

**16.     Standard: Hostile Work Environment Must be Objectively and Subjectively Offensive Under Title VII and New York State Human Rights Law:**

I presented earlier the standard plaintiff must meet to establish his hostile work environment claim under Title VII and the New York State Human Rights Law. One element of this standard is that plaintiff must show, by a preponderance of the credible evidence, that the harassment was both objectively and subjectively offensive: that means that plaintiff in fact felt it to be so and that a reasonable person would find it hostile or abusive.

In other words, the environment in question is to be judged by both an objective and subjective standard. It is not enough for you to find that the plaintiff herself believed that she was being subjected to a hostile work environment. You must also find that a reasonable

person of the same gender as plaintiff would also have found the working conditions to constitute a hostile work environment. In other words, it is not enough that you find that plaintiff felt subjectively intimidated, you must also find that any reasonable person in plaintiff's position would have felt that the workplace was an environment permeated by discriminatory insult and ridicule.

[Source: *Harris*, 510 U.S. at 21: "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *accord Trotta v. Mobil Oil Corp.*, 788 F. Supp. 1336, 1349 (S.D.N.Y. 1992); *Danna v. New York Telephone Co.*, 752 F.Supp. 594, 609–10 (S.D.N.Y. 1990); *Bennett v. New York City Dept. of Correction*, 705 F.Supp. 979, 984 (S.D.N.Y. 1989).]

**17.    Severe or Pervasive Standard Under Title VII and the New York State Human Rights Law:**

I presented earlier the standard plaintiff must meet to establish her hostile work environment claim under Title VII and the New York State Human Rights Law. One element of this standard is that plaintiff must show, by a preponderance of the credible evidence, that the hostile conduct at issue was severe or pervasive. I will now provide you with more information regarding this severe or pervasive standard.

Under Title VII and the New York State Human Rights Law, plaintiff must prove, by a preponderance of the credible evidence, that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms and conditions of the plaintiff's employment. Isolated acts or episodic incidents, unless very serious, do not meet the threshold of severity or pervasiveness. Instead of sporadic incidents, there must be a steady barrage of opprobrious conduct based on plaintiff's gender. Although no single factor is decisive, in deciding whether conduct is severe or pervasive, you should consider the following factors, in addition to any other relevant factors:

(1) the frequency of the conduct.  In this regard, the incidents plaintiff complains of must be repeated and continuous, isolated acts or occasional episodes are not enough to establish a violation.

(2) the severity of the conduct.

(3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance.

(4) whether the conduct interfered with the employee's work performance.

[Source: American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, *Model Jury Instructions, Employment Litigation*, (2d Ed. 2005), §1.04[4] (modified); *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-105 (2d Cir. 2010); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-311 (2004). *Richardson v. New York State*, 180 F.3d 426 (1999); *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2000); *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1992) (plaintiff cannot rely solely on casual comments or trivial events and sporadic conversation); *Kotchis v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59, 62-63 (2d Cir. 1992); *Lopez v. S.B. Thomas Inc.*, 831 F.2d 1184, 1189 (2d Cir. 1987) (several incidents over short period of about five months insufficient); *Babcock v. Frank*, 783 F.Supp. 800, at 808 (S.D.N.Y. 1992) (harassment must consist of more than just isolated incidents or casual comments; incidents must be more than few in number over a short period of time).]

18. **Hostile Work Environment Standard under the New York City Human Rights Law:**

I now explain the standard plaintiff must prove, by a preponderance of the credible evidence, to establish her hostile work environment claim under the New York City Human Rights Law.

One purpose of the New York City Human Rights Law is to prevent unwanted conduct based on gender from befouling the workplace. Therefore, the focus is on whether plaintiff was harassed through unequal treatment because of her gender.  Plaintiff must prove, by a preponderance of the credible evidence, that the conduct at issue in this case during the relevant time period, meets this standard to establish her claim of harassment under the New York City Human Rights Law.

The New York City Human Rights Law, however, is not a workplace civility code. This means that the defendants will not have liability under the New York City Human Rights Law if it proves, by a preponderance of the credible evidence, that the conduct complained of was nothing more than what a reasonable victim of discrimination would view as petty slights or trivial inconveniences.

[Source: *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 79-80 (1st Dep't 2009); *Ellis v. City of New York*, No. 08 cv 7605, 2011 U.S. Dist. LEXIS 84104, 2011 WL 3279057, at *8 (S.D.N.Y. July 28, 2011); *Wilson v. N.Y.P. Holdings, Inc.*, No. 05 civ. 10355, 2009 U.S. Dist. LEXIS 28876, 2009 WL 873206, at *29 (S.D.N.Y. Mar. 31, 2009).]

**19. Faragher Ellerth Defense for the City of New York:**

Even if you find that plaintiff has proven by a preponderance of credible evidence that she was subjected to a hostile work environment on the basis of her gender, you may not find defendant City of New York liable for plaintiff's claim under Title VII or SHRL if defendants demonstrate that:

(1) there was no "tangible employment action";

(2) "the employer exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior," and

(3) "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."

With respect to the first element, "[a] tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Ellerth, 524 U.S. at 761. A transfer of assignment in itself does not necessarily amount to a tangible employment action. As to the second element, the existence of an anti-

harassment policy, though not necessarily dispositive, is an important consideration. Finally, as to the third element, if you find that there was an extended delay for plaintiff to utilize an established procedure for addressing alleged harassment, you may also find that plaintiff unreasonably failed to take advantage of preventive or corrective opportunities.

[Source: Burlington v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Finnerty v. Sadlier, 176 Fed. Appx. 158, 162 (2d Cir. 2006) (finding three year delay in reporting alleged ongoing sexual harassment was unreasonable); Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001); Setelius v. Nat'l Grid Elec. Servs. LLC, 11CV5528, 2014 U.S. Dist. LEXIS 134789, at *91-95 (E.D.N.Y. Sept. 24, 2014) (discussing availability of Faragher Ellerth defense for SHRL claims); Stofsky v. Pawling Cent. Sch. Dist., 635 F. Supp. 2d 272, 295 (S.D.N.Y. 2009) (finding plaintiff's reassignment from high school to middle school, even if not desirable, did not amount to a tangible employment action).]

## 20.    **Retaliation (all statutes):**

Plaintiff claims that the defendants retaliated against her because she complained that her employer was engaging in unlawful discrimination in the form of sexual harassment. Opposing discrimination in employment is a protected activity, whether the protest is justified or not.  Accordingly, to make out her claim of retaliation, plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:[2]

- First, that plaintiff complained of discrimination in her employment, specifically that she complained of harassment;

- Second, that the defendants were aware of plaintiff's complaint;

- Third, that plaintiff was then subjected to an adverse action by the defendant; and

- Fourth, that the plaintiff's complaint was the reason for defendants' decision to take the adverse action. [Source: Source: 5-88 Modern Federal

---

[2]    This framework applies to all claims.  *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *Taitt v. Chemical Bank*, 849 F.2d 775, 777 (2d Cir. 1988); *Schiano v. Quality Payroll Sys., Inc.,* 445 F.3d 597, 609 (2d Cir. 2006) (same for SHRL); *Acosta v. City of N.Y.*, No 11 Civ. 8561 (KBF), 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. Apr. 26, 2012) (applying analytical framework to claims of retaliation under Section 1981, SHRL, and the CHRL).

Jury Instructions-Civil P 88.03 as modified to account for *Univ. of Tex. SW Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."))

With respect to the third element, an adverse action under Title VII and the SHRL must be "material," which means, in terms of a retaliation claim, it might have discouraged a reasonable worker from complaining about similar discrimination. The adverse action itself, however, need not be related to plaintiff's employment. There is a slightly different standard under the CHRL, which is analyzed under a similar framework with the exception that plaintiff need not show a "material" adverse action, but must instead show the employer's conduct was "reasonably likely to deter a person from engaging in protected activity." [Source: *N.Y.C. Admin. Code § 8-107(7)*; *Williams*, 61 A.D.3d at 71.]

With respect to the fourth element, it must be the case that the defendant would not have taken the adverse action except as a response to the plaintiff's protected activity. The defendant must have taken the adverse action because of an intent to retaliate against the plaintiff for complaining about employment discrimination.[3]

[Source: 5-88 Modern Federal Jury Instructions-Civil P 88.03.]

---

[3]    "But for" causation applies to Title VII and SHRL claims. *Univ. of Tex. SW Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."). There is a dispute as to whether the "but for" causation applies to the CHRL. *Compare Taylor v. Seamen's Soc. for Children*, No. 12 Civ 3713 (PAE), 2013 U.S. Dist. LEXIS 176914, at *64 (S.D.N.Y. Dec. 17, 2013) (applies "but for" to Title VII, SHRL retaliation claim but not CHRL retaliation claim) *with Songhorian v. Lee*, No. 11 Civ. 36 (CM), 2013 U.S. Dist. LEXIS 147482, at *17 (S.D.N.Y. Oct. 9, 2013) (on summary judgment applied *Nassar* to CHRL claim).

**21.** **Retaliation: Evidence to be Considered in Causal Connection:**

In determining this question of defendants' motivation, you should consider all the evidence in the case, including the timing of the allegedly retaliatory act, the testimony of the witnesses, and the documents in evidence. I caution you that your function is to determine only whether a motive to retaliate played a substantial role in the alleged retaliatory act.

Plaintiff cannot prevail merely by showing that she was treated in a way that she or others might think is unfair. An employer has the right to assign a particular job to an employee, to discipline an employee, or even to discharge an employee for any reason or no reason at all so long as intentional discrimination is not the reason. You are not to second-guess the wisdom or reasonableness of the defendants' employment practices or decisions. Defendants have the right to make personnel decisions for any reason, or no reason at all.

Plaintiff's own subjective belief that she was retaliated against is not enough to meet her burden of proving that defendants' stated reason for its action is a mere pretext or disguise for retaliation.

[Source: *See Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal."); *Taylor v. Polygram Records*, 94 Civ. 7689 (CSH), 1999 U.S. Dist. LEXIS 2583, at *46 (S.D.N.Y. Mar. 5, 1999) (holding that plaintiff's belief that she was discriminated against, "based on no evidence other than gut instinct," cannot support inference of discrimination).]

**22.** **Pretext for All Retaliation Claims:**

The defendants have offered evidence that plaintiff's transfer was done for nonretaliatory reasons. Remember that it is the plaintiff's burden to prove that the plaintiff's complaint was the reason for the defendants' decision and that an employer may take adverse decisions against an employee for any reason, good or bad, fair or unfair, as long as it is not discriminatory or retaliatory. However, you should scrutinize the reasons proffered by the

defendants, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decision, then you may infer or not infer, as you choose, that the pretext was designed to conceal unlawful retaliation.

[Source: 5-88 Modern Fed. Jury Instructions-Civil P 88.03 (Instruction 88-44).]

23.    **Damages Generally:**

If you find that plaintiff has carried her burden, as I have described it to you, of proving by a preponderance of the credible evidence, that defendants created a hostile work environment based on sexual harassment or retaliated against her because of her protected activity, then and only then you may consider the amount of damages that will fairly and reasonably compensate plaintiff for those injuries she sustained as a result of that discrimination or retaliation.

The fact that I am giving you instructions on the subject of damages should not be construed by you as indicating that I believe you should find for plaintiff. That's entirely up to you. As a judge, I am required to instruct all juries on damages in all cases whether or not there is merit to a plaintiff's claims.

24.    **Compensatory Damages:**

Compensatory damages are designed to restore the plaintiff to the same position he or she was in prior to the injury – that is, to compensate her from the damage suffered as a direct result of the defendant's illegal conduct. Two types of compensatory damages are available in this case: (1) compensation for economic loss – any loss of salary or any other economic loss; and (2) compensation for mental anguish, pain and suffering, humiliation, indignity and embarrassment.

You may not presume that plaintiff has been damaged. The burden is on the plaintiff to prove each item of her damages by a preponderance of the evidence. The plaintiff is not required to prove the amount of her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. At the same time, the damages you award must be based on the evidence presented at trial, not on speculation and guesswork. The plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages. If the plaintiff fails to do that, the plaintiff cannot recover for that item of damage.

You may award compensatory damages to plaintiff only if she proves, by a preponderance of the evidence, that her pain and suffering was actually caused by a hostile work environment based on sexual harassment or retaliation. In other words, it is not enough that plaintiff suffered mental pain; she must also prove that the suffering resulted from intentional discrimination or unlawful retaliation, and not from some legitimate non-discriminatory or non-retaliatory reason. [Source: Sands, MFJI, Instruction 87-25]

Thus, even if you find that defendants discriminated or retaliated against plaintiff, you must still ask whether the plaintiff has proven, by a preponderance of the evidence, that such action caused the pain and suffering alleged by her. [Authority: Sands, MFJI, Instruction 87-25).

If you believe that the plaintiff's pain and suffering was caused by some other employment action or event, you may not award compensatory damages. This is true even if you believe that the other employment action or event was wrongful or illegal. [Source: Sands, MFJI, Instruction 87-25]

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a plaintiff whole - that is, to

compensate her for the injuries, if any, which resulted from defendants' violation of plaintiff's rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

## 25.    Nominal Damages:

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

## 26.    Punitive Damages:

In addition to the actual damages mentioned previously, the law permits the jury under limited circumstances to award an injured person punitive damages. If you find in favor of the plaintiff, then you must decide whether the defendant acted with malice or with reckless indifference to the plaintiff's rights. A defendant acts with malice or reckless indifference if it has been proved by a preponderance of the evidence that the defendant knew that their conduct was in violation of the law, or acted with reckless disregard of that law-that is, with an intention to disregard what he or she knew was a high probability that such acts were in violation of the law. You then may, but are not required to, award an additional amount as punitive damages if you find it is appropriate to punish the defendant or to deter the defendant and others from like conduct in the future. Whether to award the plaintiff punitive damages, and the amount of those damages, are within your discretion.

## 27.    Attorneys' Fees:

The Law provides for a separate award of attorneys' fees when a party prevails in a case involving discrimination. The award of attorneys' fees in such circumstances is a matter

to be determined by the Court.  Accordingly, if you award any damages to plaintiff, you should not take into consideration the fees plaintiff may have to pay her attorney.

**28.**      **Closing Instructions:**

I have now outlined for you the rules of law applicable to the claim in this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes you will retire to the jury for your deliberations.

**29.**      **Foreperson:**

When you retire to the jury room, you must select one of you to serve as foreperson of the jury. The foreperson will preside over the deliberations and speak for the jurors here in open court. Members of the jury, please remember that the foreperson's vote is not entitled to any greater weight than any other individual juror's. The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

**30.**      **Questions from Jury:**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury. The courtroom deputy should be given the note and he/she will deliver it to me. No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

You will note from the oath about to be taken by the deputy that he/she too as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous decision.

**31.** **Reviewing My Legal Instruction:**

I will be sending my instructions back into the jury room. I am sending them back with you in case you want to review them during your deliberations.  If you find that you do not understand my instructions, or you want me to go over them again to clarify certain matters for you or just to reinforce what I had to say, send in a note asking for re-instruction and I will be happy to go over them.  Don't assume that because I am sending the instructions back with you, that you can't ask me to go over the instructions again. You can, and I will.

**32.** **Special Verdict Sheet:**

For your convenience, a special verdict sheet has been prepared. You will take these forms to the jury room. No inference is to be drawn from the way the questions are worded as to what the answer should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did it would not be binding on you.

Your function, to reach a fair conclusion from the law and the evidence, is an important one.  Your verdict must be unanimous.  When you are in the jury room, you may now discuss the case.  It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience.  In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is.  Moreover, each of you must decide the case for yourself and not merely acquiesce

in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors: well and truly to try the issues of this case and a true verdict render.

When you have completed the verdict form, then you will sign your names, the form will be marked as a Court Exhibit and the verdict sheet will then form the basis for the verdict that you deliver.

Dated:       New York, New York
               May 6, 2015

                                    Respectfully Submitted,

                                    **ZACHARY W. CARTER**
                                    Corporation Counsel of the
                                     City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-185
                                    New York, New York 10007
                                    Tel: (212) 356-0889

                         By:                /s/
                                   Gloria M. Yi
                                   Joseph Anci
                                   Assistant Corporation Counsel

TO:          Attorneys of record
               (By ECF)