UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AUGUSTINA BALU,

                    Plaintiff,

            - against -

THE CITY OF NEW YORK and DENIS McAULIFFE,
individually and in his official capacity as an employee
of the New York City Department of Police,

                  Defendants.
------------------------------------------------------------------x

PLAINTIFF'S PROPOSED REQUEST
TO CHARGE
12 CV 1071 (KPF)

        Plaintiff respectfully requests that the Court charge the jury as set out below.  Plaintiff

reserves the right to add to or amend these Requests to Charge.

Dated: New York, New York
       May 6, 2015

                The Law Office of Fred Lichtmacher, PC
                 *Attorney for Plaintiff*
                2 Wall Street, 10th Floor
                New York, New York 10005
                Tel: 212-922-9066

                By:  Fred Lichtmacher

A.     Summary of Plaintiff's Claims

Plaintiff bring claims based on Unlawful discrimination via a Hostile Work Environment and retaliation for complaining about rejecting sexual advances she alleges were made by the Defendant, her supervisor, Lt Denis McAullife.  After I discuss some general provisions governing your deliberations, I will then discuss this claim.


II.     APPLICABLE LAW

**TITLE VII: 42 U.S. Code § 2000e–2**: - Unlawful Employment Practices

Title VII,  § 2000e–2,  entitled Unlawful Employment Practices, Declares It shall be an unlawful discriminatory practice:

(a) It shall be an unlawful employment practice for an employer... to limit ... his employees ... in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Establishing sexual harassment liability pursuant to Title VII,  involves a demand for sexual favors in exchange for an employment benefit. To establish a prima facie case of quid pro quo harassment under Title VII, plaintiff must present evidence that plaintiff was subject to unwelcome sexual conduct and plaintiff's reaction to that conduct was then used as a basis for decisions, either actual or threatened, affecting compensation, terms, conditions, or privileges of his or her employment.  Karibian v Columbia University, 14 F3d 773 (2d Cir); Bartle v Mercado, 235 AD2d 651, 652 NYS2d 139, Father Balle Community Ctr. v New York State Div. of Human Rights, 642 NYS2d 739.

A claim is made out whether the employee rejects the advances and suffers the consequences or submits to the advances in order to avoid those consequences, although claims involving only unfulfilled threats should be categorized as hostile work environment claims. Burlington Industries, Inc. V Ellerth, 524 US 742 (1998).  The test for a hostile environment has both objective and subjective elements: a hostile environment is one that would reasonably be perceived and is perceived as hostile or abusive, Faragher v Boca Raton, 524 US 775 (1998). The factors to be considered include the frequency and severity of the conduct, whether the conduct was threatening or humiliating as opposed to being merely offensive and whether it unreasonably interfered with the plaintiff's work performance.  Harris v Forklift System, 510

U.S. 17 (1993).  If the alleged conduct is extraordinarily severe, a single incident may create a hostile environment.  San Juan v Leach, 278 A.D.2d 299 (N.Y. App. Div. 2000).

Under Tittle VII,  an employer is strictly liable because the harasser, by definition, is either actually or apparently wielding the employer's power to alter the terms and conditions of employment.  Karibian v Columbia University, 14 F3d 773 (2d Cir)(1993). Thus, employers are vicariously liable for discriminatory employment actions with tangible results, such as hiring, firing, promotion, compensation, and work assignments and no affirmative defenses are available.  Burlington Industries, Inc. V Ellerth, 524 US 742 (1998); Faragher v Boca Raton, 524 US 775 (1998).

**TITLE VII: 42 U.S. Code § 2000e–3** - Other Unlawful Employment Practices

Title VII,  § 2000e–3,  entitled Other Unlawful Employment Practices, Declares It shall be an unlawful practice:

(a) to discriminate against any ... employee ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

The anti-retaliation  provision in Title VII has two clauses: 1) the "opposition clause", making it unlawful for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful employment practice "by this subchapter,",  and 2) the "participation clause," making it unlawful for ane employer to discriminate against an employee because the employee "has made a charge, testified, or participated in an investigation, proceeding, or haring under this subchapter,".  42 USC 2000e-3 (a). The anti-retaliation provision of Title VII converse those employer actions that would have been materially adverse to a reasonable employee or job applicant (retaliatory work assignments and suspension without pay, despite reinstatement with back pay, materially adverse). In other words the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.  Burlington Industries, Inc. V Ellerth, 524 US 742 (1998).

**NEW YORK EXECUTIVE LAW § 296**:  Human Rights Law – Unlawful discriminatory practices.

Section 296 of the Executive Law (Human Rights Law),  Declares It shall be an unlawful discriminatory practice:

(1)(a) For an employer ... to discriminate in compensation or in terms, conditions or privileges of employment because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, marital status, or domestic violence victim status of any individual.

The primary focus in an employment discrimination claim is whether the employer has treated the employee less favorably than others for an impermissible reason. Furnco Const. Corp. v Waters, 438 US 567 (1978). In the instant matter this could be established by demonstrating disparate treatment, or harassment. Retaliation for complaining about harassment is also prohibited. see Human Rights Law § 296 (1)(e).

The elements and burdens of a successful employment discrimination claim are virtually identical under state and federal law. Kremer v Chemical Constr. Corp., 456 US 461 (1982); Cruz v Coach Stores, Inc., 202 F3d 560 (2d Cir)(2000). The standard for establishing liability pursuant to the Human Rights Law is the same as under Tittle VII, except with respect to establishing employer liability for the acts of an employee. Vitale v Rosina Food Products Inc., 283 AD2d 141, (N.Y. App. Div. 2001); Walsh v Covenant House, 244 AD2d 214, (N.Y. App. Div. 1997); Van Zant v KLM Royal Dutch Airlines, 80 F3d 708 (2d Cir)(1996); Ritter v Medical Arts Center Hospital, 1997 WL 45349 (S.D.N.Y. 1997).

For hostile environment claims, an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate or successively higher authority over the employee. Sormani v Orange County Community College, 240 Ad2d 724 (1997). In order to hold an employer liable under New York law, the plaintiff must demonstrate hat the employer acquiesced in the discriminatory conduct or subsequently condoned it. Forrest v Jewish Guild for the Blind, 3NY3d 295 (2004).

An affirmative defense to hostile environment claims contains two necessary elements: 1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and 2) that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Burlington Industries, Inc. V Ellerth, 524 US 742 (1998); Faragher v Boca Raton, 524 US 775 (1998). The employer has the burden to establish both elements of this defense. id. The Court of Appeals, in dicta, has suggested that this affirmative defense is applicable in State law. Forrest v Jewish Guild for the Blind, 3NY3d 295 (2004); see Vitale v Rosina Food Products Inc., 283 AD2d 141, (N.Y. App. Div. 2001).

**ADMINISTRATIVE CODE 8-107**: Violation of the Plaintiffs' Rights by Gender Discrimination/Sexual Harassment/Disparate Treatment Pursuant to the New York City Human Rights Laws

§ 8-107 Unlawful discriminatory practices.

The Administrative Code of the City of New York in § 8-107 entitled Unlawful
Discriminatory Practices, Declares It shall be an unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or perceived
gender... to discriminate against such person in terms, conditions or privileges of employment.

For City HRL liability (to attach) the primary issue for a trier of fact in harassment
cases... is whether the plaintiff has proven by a preponderance of the evidence that she has been
treated less well than other employees because of her gender. Hernandez v. Kaisman, 103 A.D.3d
106, 114 (1st Dept 2012).

The text and legislative history [of the Restoration Act] represent a desire that the City
HRL meld the broadest vision of social justice with the strongest law enforcement deterrent.

Therefore, if you conclude that the, defendant's conduct can be characterized as having
subjected plaintiffs to "differential treatment," then you must find for the plaintiff. (Id. at 115).

**RETALIATION**:

Employers (and supervisors) are prohibited from retaliating against employees ... for
opposing practices prohibited by the statute or for filing a complaint, testifying, assisting or
participating in a discrimination proceeding. Tittle VII (42 USC § 2000e-3(a)); New York
Human rights Law § 296 (1)(e); New York City Administrative Code § 8-107(7).

To make out a prima facie case of retaliation, plaintiff must show: 1) participation in
protected activity; 2) that the defendant knew of the protected activity; 3) that there existed an
adverse employment action against the plaintiff; and 4) that there was a causal connection
between the protected activity and the adverse employment action. Kwan v Andalex Group LLC,
737 F. 3d 834 (2013); Hicks v Baines, 593 F. 3d 159 (2d Cir. 2010); Forrest v Jewish Guild for
the Blind, 3NY3d 295 (2004).

Once a prima facie case is made, the burden shifts to the defendant to articulate a
legitimate nondiscriminatory or non retaliatory reason for the adverse employment action. Kwan
v Andalex Group LLC, 737 F. 3d 834 (2013); Hicks v Baines, 593 F. 3d 159 (2d Cir. 2010);
Pace v Ogden Services Corp., 257 AD2d 101 (1999) ; Johnson v Palma, 931 F2d 203 (2d
Cir)(1990). If the defendant satisfies this burden, the plaintiff must then demonstrate that the
proffered reason is pretext for retaliation and that the plaintiff's protected activity was a but for
cause of the alleged adverse action. Id.

In order for Ms. Balu to recover, she must prove, by a preponderance of the evidence, that
her denying McAuliffe's sexual advances was a determining factor in McAuliffe's decision to
make employment decisions which changed Ms. Balu's terms and conditions of employment for
the worse. There can be more than one determining factor in any decision. Therefore Ms. Balu

need not prove that her denying McAuliffe's sexual advances was the only reason for McAuliffe's decision.

Proximate Cause

The Plaintiff must prove that the Defendants' conduct caused her injury and damage. The Defendants are responsible for the natural consequences of their actions. An act causes an injury if it was a substantial factor in bringing about that injury that is if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be a substantial factor in causing an injury, it cannot be slight or trivial. You may, however, decide that a cause of an injury is substantial even if you assign a relatively small percentage to it if you find that there are other substantial causes. You must decide whether the injury or damage suffered by Ms. Balu  was a reasonably foreseeable consequence of  McAuliffe's conduct.

If you find that Ms. Balu  has proved that McAuliffe created a hostile work environment as I defined it to you, or that McAuliffe retaliated against his subordinate officer and that McAuliffe's conduct was a substantial factor in causing Ms. Balu's damages, you will find for Ms. Balu on hostile work environment and/or retaliation. If you find that Ms. Balu has not proved a hostile work environment or that she was retaliated against, then you will find for the Defendants on those claims.

Ms. Balu is not required to produce direct evidence that McAuliffe discriminated against her on the basis of her denial of his sexual advances. Discrimination and retaliation are rarely admitted to and may be inferred from the existence of other facts.

In deciding whether Ms. Balu denying McAulfiffe's sexual advances was a determining factor in McAuliffe's decision to make adverse employment decisions as to Ms. Balu, you must first consider whether Ms. Balu has established the following facts by a preponderance of the evidence. First, Ms. Balu must show that McAuliffe made sexual advances towards her. Second, those advances were unwelcome. Third, that McAuliffe made a decision to adversely change the terms and conditions of Ms. Balu's employment after she denied those sexual advances.

If you find that Ms. Balu has failed to prove any one of these facts, you will find for McAuliffe on the issue of retaliation. If you find that Ms. Balu has proved all of these facts, then you must proceed to consider the reason McAuliffe has given for his actions.

On one part of her factual allegations, that she was transferred to VIPER for rejecting McAuliffe's advances, the defendants purport to produce evidence that all persons on limited duty were transferred to the VIPER unit. Ms. Balu claims that this is not the real reason. Ms. Balu has the burden of establishing by a preponderance of the evidence that the reason offered by the defendants was not really the reason she was transferred and that Ms. Balu denying McAuliffe's sexual advances was a determining factor in the decision.

If you find that Ms. Balu has failed to prove that the reason offered by the defendants was not really the reason she was transferred, then you will find for the defendants on the issue of retaliation. If you find that Ms. Balu has proved that the reason offered by the defendants was an

excuse for discrimination, then you will find for Ms. Balu on retaliation and you should proceed to determine the amount of damages.

    4.    <u>Summary</u>

In summary, if you find that the Plaintiff, Ms. Balu, has shown by a preponderance of the evidence that Defendant McAuliffe's actions created a hostile work environment and/or that he retaliated against her as was defined earlier, and thereby Balu was proximately caused injury, then Ms. Balu has proven her claim.

III.    DAMAGES

PJI 2:277 Damages—General

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendants. If you decide that the Plaintiff is not entitled to recover from the Defendants, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

If you find that Ms. Balu is entitled to recover from defendants, you must render a verdict in a sum of money that will justly and fairly compensate Ms. Balu for all losses resulting from the injuries she sustained.

PJI 2:277A Damages—Comment by Counsel During Opening or Closing Remarks

During closing remarks, counsel for Plaintiff suggested a specific dollar amount that he believes to be appropriate compensation for specific elements of Plaintiff's damages. An attorney

-8-

is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of Plaintiff's damages. The determination of damages is solely for you, the jury, to decide.

PJI 2:278 Damages—Punitive (as to Administrative Code 8-107 only)

In addition to awarding damages to compensate a Plaintiff for her injuries, you may, but you are not required to, award her punitive damages if you find that the acts of the Defendants, caused the injury complained of was wanton, reckless or malicious. Punitive damages may be awarded for conduct that represents a high degree of immorality and shows such wanton dishonesty as to imply a criminal indifference to civil obligations. The purpose of punitive damages is not to compensate the Plaintiff but to punish the Defendants for wanton, reckless or malicious acts and thereby to discourage the Defendants and others from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of a Plaintiff's rights, and with the intent to interfere with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others.

If you find that the defendants' acts were not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that Defendants' acts were wanton and reckless or malicious, you may award punitive damages to Ms. Balu.

*[If the jury decides to award punitive damages, Plaintiffs request that the Court then charge the jury on the factors it should consider in determining the amount of punitive damages, which appear below.]*

> PLAINTIFFS PROPOSE THAT THE JURY CHARGE REGARDING THE FACTORS FOR DETERMINING THE AMOUNT OF PUNITIVE DAMAGES BE HELD IN ABEYANCE PENDING THE JURY'S FINDING REGARDING WHETHER PUNITIVE DAMAGES ARE APPROPRIATE.  IF THE JURY SO FINDS, THE COURT SHOULD PROCEED TO A BRIEF "NET WORTH" HEARING AND THEN INSTRUCT THE JURY AS FOLLOWS:

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what McAuliffe did. That would include the character of the wrongdoing, whether the Defendants' conduct demonstrated an indifference to or a reckless disregard of the health, safety or rights of others, whether the acts were done with an improper motive whether the act or acts constituted outrageous or oppressive intentional misconduct, for how long the conduct went on, McAuliffe's  awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, and the actual and potential harm created by Defendant's conduct, including the harm to individuals other than Ms. Balu. However, although you may consider the harm to individuals other than Plaintiff in determining the extent to which McAuliffe's conduct was reprehensible, you may not add a specific amount to your punitive damages award to punish the defendants for the harm he caused to others.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by a Plaintiff, and to the compensatory damages you awarded a Plaintiff.  The reprehensibility of  McAuliffe's  conduct is an important

factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by Ms. Balu and the compensatory damages you have awarded a Plaintiff.

You may also consider the Defendants, financial condition and the impact your punitive damages award will have on them.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

Damages— Loss Opportunity for Overtime

If you find that Plaintiff's involuntary transfers were effected for any improper purpose (as defined herein) Plaintiff is entitled to be reimbursed for any lost earnings as a result of her injuries caused by Defendants.

Any award you make for earnings lost to date must not be the result of speculation; any award must be calculated from the number of days that you find Plaintiff was unable to receive overtime hours and the amount that you find Ms. Balu would have earned had she not been transferred.