USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 9, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

AUGUSTINA BALU,

                                                        Plaintiff,

            -against-

THE CITY OF NEW YORK and DENIS McAULIFFE,
individually and in his official capacity as an employee of
the New York City Department of Police,

                                                        Defendants.

------------------------------------------------------------------ X

12 Civ. 1071(KPF)(GWG)

**JOINT PRETRIAL ORDER**

**Katherine P. Failla, U.S. District Judge**

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure Rule 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

1. **The full caption of the action;**

   UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
   ------------------------------------------------------------------

   AUGUSTINA BALU,

                                                         Plaintiff,

               -against-

   THE CITY OF NEW YORK and DENIS McAULIFFE,
   individually and in his official capacity as an employee of
   the New York City Department of Police,

                                                           Defendants.

   ------------------------------------------------------------------

2. **The names, law firms, addresses, and telephone and fax numbers of trial counsel;**

Plaintiff's Counsel
Fred Lichtmacher and Jessica Acosta
The Law Office of Fred Lichtmacher P.C.
2 Wall Street 10th Floor
New York, New York 10005
Tel: (212) 922-9066
Fax: (212) 922-9077

Defendants' counsel
Zachary W. Carter
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, New York 10007
By:     Gloria M. Yi
        Assistant Corporation Counsel
        Tel: (212) 356-0889
        Fax: (212) 788-0940
        Email: gyi@law.nyc.gov

        Joseph Anci
        Assistant Corporation Counsel
        Tel: (212) 356-1106
        Fax: (212) 356-2438
        Email: janci@law.nyc.gov

3. **A brief statement of plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the present or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;**

Subject Matter jurisdiction is appropriate in federal court as this action arises under 42 U.S.C. §2000e-2(a) and §2000e-3(a), i.e., Title VII, as well as under the laws of the State of New York, N.Y. Executive Law § 296 et seq, and the Administrative Code of the City of New York § 8-107 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, §1343(3) and §1343(3). Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiff's federal claims pursuant to 28 U.S.C. § 1367.

Defendants do not dispute subject matter jurisdiction in this action.

4. **A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter;**

**Plaintiff's Claims:**
Plaintiff presents claims for a hostile work environment and for retaliation for complaining about sexual advances by Defendant Lt. DENIS McAULIFFE pursuant to 42 U.S.C. §2000e-2(a) and §2000e-3(a), i.e., Title VII, as well as under the laws of the State of New York, N.Y. Executive Law § 296 et seq, and the Administrative Code of the City of New York § 8-107 et seq.

In sum and substance, Plaintiff alleges Defendant Lt. DENIS McAULIFFE subjected her to continual harassment resulting in a hostile work environment, via unconsented touchings of her, unwanted sexual advances, numerous sexual remarks including observing her and commenting on her looks and her undergarments which he somehow came to see as well as by other sexually perverse actions. Defendant McAuliffe subjected Plaintiff to involuntary transfers which effected her career, her health and her income in retaliation for Plaintiff rejecting McAuliffe's sexual advances. McAuliffe created a hostile work environment riddled with his sexual behavior and stories of his sexual prowess. Additionally, McAuliffe physically caused Ms. Balu injury by mandating she do a job with excessive typing, while he knew she had a serious wrist problem, which exacerbated her existing problem and caused her additional pain. From 2009 to this date, Plaintiff still treats with pain medications due to McAuliffe's behavior.

**Defendants' Defenses:**

The complaint fails to state a claim.

Plaintiff's claims are barred, in part, by applicable statute of limitations.

All actions taken by defendants with respect to plaintiff were taken in good faith for non-retaliatory, legitimate business reasons and based on reasonable factors other than plaintiff's complaint of sexual harassment. The actions would have been taken regardless of any alleged protected activity.

Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the NYPD or to otherwise avoid harm and the City of New York and the NYPD exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.

Plaintiff's claims for damages are barred, in whole or in part, because plaintiff has incurred no damages and/or has failed to properly mitigate her damages.

Any claim for punitive damages against the City of New York and/or the NYPD is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

To the extent plaintiff asserts claims under Title VII against the individual defendant, such claims must be dismissed because individual defendants are not subject to suit under Title VII.

The conduct complained of in part or in whole consists of nothing more than petty slights and trivial inconveniences and thus plaintiff's New York City Human Rights law claims must be dismissed.

5. **A statement as to the number of trial days needed and whether the case is to be tried with or without a jury;**

The parties anticipate that this trial will last 3-4 days.
This case will be tried to a jury.

6. **A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;**

The parties do not agree to a trial before a magistrate judge.

7. **Any stipulations or agreed statements of fact or law to which all parties consent;**

The parties have not agreed on any statement of facts or law or any stipulations.

8. **A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;**

<u>Plaintiff's List of Witnesses:</u>

| Witness | Description | Defendants' Objections |
|---|---|---|
| Plaintiff | As to all the events she alleged in the complaint and in response to summary judgment. | |
| Defendant Denis McAuliffe | | |
| Dr. Mergie M. Desir M.D. Betty Shabazz Health Center 999 Blake Ave Brooklyn, NY 11208 (718) 628-6940 | As to Plaintiff's treatment As to Plaintiff's ongoing physical pain and suffering | **FRE 702, 703, 705, FRCP 26(a)(2)(b)** |

| | | |
|---|---|---|
| James Lanflisi | As to his interactions with Defendant and his observations of the Plaintiff. | FRE 602, 802 |
| David Salazar | As to Plaintiff's state of mind and his observations of the Plaintiff and Defendant's interactions and as to Plaintiff's work. | FRE 602, 802 |
| James Cassano | As to his interactions with Defendant and his observations of the Plaintiff. | FRE 602, 802 |

Plaintiff reserves the right to call any witnesses from Defendants' witness list on her case-in-chief as well as on rebuttal.

**Defendants' List of Witnesses:**

| Witness | Description | Plaintiff's Objections |
|---|---|---|
| Denis McAuliffe | Testimony to be provided in person.<br><br>Defendant.<br><br>Testimony regarding plaintiff's allegations in her complaint including her transfer in 2005 to the Transit Bureau Headquarters; plaintiff's work assignments and job performance between 2005 and 2011; and plaintiff's transfer in 2011. | |
| Patrick Kerins | Testimony to be provided in person.<br><br>Captain assigned to Transit Bureau Headquarters between 2005 and 2011.<br><br>Testimony regarding plaintiff's allegations in complaint; plaintiff's work assignments and job performance; and plaintiff's restricted duty transfer in 2011. | |
| Jennifer Sherman | Testimony to be provided in person.<br><br>Sergeant assigned to Transit Bureau Headquarters.<br><br>Testimony regarding supervision of plaintiff while assigned to Brooklyn Impact at Transit Bureau Headquarters and her knowledge of plaintiff's work assignments and job performance. | |

| Myra Liciaga | Testimony to be provided in person. PBA delegate assigned to Transit Bureau Headquarters. Testimony regarding plaintiff's allegations in complaint while plaintiff was assigned to Transit Bureau Headquarters. | |
| Jenny Lopez | Testimony to be provided in person. Senior Police Administrative Aide assigned to Transit Bureau Headquarters. Testimony regarding plaintiff's allegations in her complaint. | |

Defendants reserve the right to call any witnesses listed by plaintiff as well as other witnesses required to authenticate documents. Defendants also reserve the right to call other witnesses in the event they need to call such witnesses for purposes of impeachment.

9. **A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party;**

Currently, Plaintiff does not intend to use deposition in her case-in-chief other than to refresh recollection and/or for impeachment purposes.

Defendants intend to use depositions as necessary for impeachment purposes. Defendants also reserve the right to use in its case-in-chief the deposition of any witness who is unavailable pursuant to Fed. R. Civ. P. 32(4) and Fed. R. Evid. 804(b)(1).

10. **A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two starts indicating exhibits to which no party objects on any ground;**

### Plaintiff's Exhibits[1]

| Designation | Description of Exhibit | Defendants' Objection |
|---|---|---|
| 1 | Balu's evaluations | *[2] |
| 2 | Memo from Defendant Re Tour Hours | |
| 3 | Firearms Qualification | |
| 4 | Plaintiff's memo book | FRE 401, 403 |
| 5 | Balu's Personnel Report April 2012 | *[3] |
| 6 | Dr. DeCastro Medical Records | FRE 401, 403, 801, 901; FRCP 26(a) |
| 7 | Dr. Desir Medical Records | FRE 401, 403, 801, 901; FRCP 26(a) |

---

[1] Plaintiff has not provided defendants with pre-marked exhibits (or identified bates numbers for plaintiff's exhibits) but rather nearly 300 pages of documents that were not separated in any manner that plaintiff described as "a copy of the exhibits plaintiff intends to offer at the trial." While defendants believe they have been able to identify all but one exhibit (Exhibit 17 which plaintiff stated she was "in the process of finding") based on plaintiff's descriptions of the exhibits, defendants reserve the right to supplement their objections when pre-marked exhibits are received. Defendants further object subject to foundation for any exhibit including those exhibits that are authentic and otherwise admissible.

[2] As described in footnote 1, defendants have identified plaintiff's exhibits based on the exhibit descriptions provided by plaintiff. Defendants have thereby identified documents bearing Bates Nos. NYPD0001-NYPD0002, NYPD0013-NYPD0032, and NYPD0045-NYPD0048 as plaintiff's Exhibit 1. To the extent that this represents the totality of plaintiff's Exhibit 1, defendants do not object to the authenticity of these documents. If Exhibit 1 is comprised of any additional documents, defendants reserve the right to object to the authenticity of such documents.

[3] Defendants have identified documents bearing Bates Nos. NYPD0033-NYPD0038, NYPD00282-NYPD00287 as plaintiff's Exhibit 5, and do not object to the authenticity of these documents. If plaintiff intended to also include documents bearing Bates Nos. NYPD0039-NYPD0038 (plaintiff's Central Personnel Index Round Robin Report) and NYPD0042-NYPD0044 (plaintiff's Internal Affairs Bureau Officer Resume) as part of Exhibit 5, defendants do not object to the authenticity of such documents. If plaintiff's Exhibit 5 is comprised of any additional documents, defendants reserve the right to object to the authenticity of such documents.

| 8 | Dr. White Medical Records | FRE 401, 403, 801, 901; FRCP 26(a) |
| --- | --- | --- |
| 9 | Dr. Solimon Medical Records from Long Island College Hospital | FRE 401, 403, 801, 901; FRCP 26(a) |
| 10 | LODI Authorization of Treatment | |
| 11 | LODI Report | |
| 12 | Witness Statements Re Injury | FRE 801 |
| 13 | LODI Reevaluation | *[4] |
| 14 | Photographs of Balu | FRE 401, 403, 901 |
| 15 | Summons for Auto | |
| 16 | Text Messages Defendant-Balu | FRE 106, 401, 403, 801, 901 |
| 17 | FDNY Ambulance Report | FRCP 26 (a) |
| 18 | Note the Defendant left for Balu | FRE 401, 403, 801 |
| 19 | No Charge Redemption Fee Receipt | FRE 401, 403, 801 |

**Defendants' Exhibits**[5]

| Ex. No. | Description | Plaintiff's Objections |
| --- | --- | --- |
| A | Balu Personnel Profile Report (NYPD0033-NYPD0038) | * |
| B | Balu 12/16/2004-12/15/2005 evaluation (NYPD0679-NYPD0680) | * |
| C | Balu 12/16/06-1/15/08 evaluation (NYPD0683-NYPD0685) | * |
| D | Finest Message (NYPD0856) | * |
| E | Requests for Restricted Duty Transfers (NYPD0252-NYPD0256, NYPD0857) | * |
| F | Balu OEEO complaint (NYPD0231) | * |

---

[4] Defendants have identified documents bearings Bates Nos. NYPD0049 and NYPD0068 as plaintiff's Exhibit 13. To the extent that this represents the totality of plaintiff's Exhibit 13, defendants do not object to the authenticity of these documents. If Exhibit 13 is comprised of any additional documents, defendants reserve the right to object to the authenticity of such documents.

[5] Plaintiff reserves the right to use defendants' exhibits in her case-in-chief.

Defendants reserve the right to use any exhibits listed by plaintiff and to supplement this list as necessary to add subsequently obtained documents or address unanticipated matters raised in plaintiff's case-in-chief.

11. **A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and**

   Compensatory damages for a hostile work environment, retaliation, physical and emotional pain and lost opportunity for overtime. Punitive damages pursuant to the Administrative Code.

12. **A statement of whether the parties consent to less than a unanimous verdict.**

   The parties do not consent to less than a unanimous verdict.

Dated:   New York, New York
         May 6, 2015

| | |
|---|---|
| **ZACHARY W. CARTER**<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-185<br>New York, New York 10007<br>(212) 356-0889 | **Law Office of Fred Lichtmacher, PC**<br>Attorneys for Plaintiff<br>2 Wall Street, 10th Floor<br>New York, New York 10005-2004<br>(212) 922-9066 |
| By: /s/<br>Gloria M. Yi<br>Assistant Corporation Counsel | By: /s/<br>Fred Lichtmacher, Esq.<br>Jessica Acosta, Esq. |
| Joseph Anci<br>Assistant Corporation Counsel | |

Dated: June 9, 2015
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE